**PREVIN v. TENACRE, Inc., et al.**
No. 4996.

Circuit Court of Appeals, Third Circuit.
Oct. 27, 1933.

Arthur G. Previn, of New York City, and Frederic M. P. Pearse, of Newark, N. J., for appellant.

Arthur F. Egner, of Newark, N. J., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This was a suit brought by Arthur G. Previn, plaintiff-appellant, to recover damages from the defendants for injuries which he alleges he suffered by reason of his treatment while a patient at the Christian Science institution of Tenacre, at or near Princeton, N. J., and for the return of compensation of $6,000 procured from him by alleged false and fraudulent representations. Judgment was entered for the defendants, and plaintiff appealed.

The plaintiff was afflicted with what was called "agitated melancholia of the depressive type," from which it was frankly conceded that he has fully recovered. Desiring to be treated in accordance with the Christian Science methods, whereby patients "relinquish all reliance on material remedies and depend solely upon spiritual means for healing as taught in Christian Science" institutions, he went to Tenacre. A pamphlet of the institution, which the plaintiff had seen, and which set forth the spirit and purpose of the institution, stated that "every precaution is taken to safeguard this work by conducting it in strict obedience to the teachings of Christian Science."

He alleges that instead of treating him according to the doctrine, teachings, and practice of Christian Science, the respondents tied him by his hands and feet to his bed and chair, terrorized him by threats to apply (and did apply) clamps or surgical forceps to his tongue and by various other threats to stop him from shouting, used physical force to make him take rides in automobiles, etc., assaulted him, failed to give him competent and experienced nursing and attendance as they promised to do, did not provide a resident graduate physician as required by the laws of New Jersey, and filed with the Department of Institutions and Agencies at Trenton a false and libelous diagnosis of his illness upon his admission to Tenacre.

The respondents testified that they treated the plaintiff in good faith according to the teachings of Christian Science and that the force which they used was only such force as was reasonably necessary to restrain him for his own good and to feed him when he refused to eat.

The learned trial judge submitted to the jury the question as to whether or not the treatment which the plaintiff received at the institution was in accordance with the teachings of Christian Science, and whether or not the force and restraints used by the defendants were reasonably necessary and carefully exercised for the plaintiff's good or whether they were done with a "malicious desire and not for his benefit." He charged that if they exercised reasonable care and used only the force necessary to restrain him and prevent him from injuring himself or them, it did not constitute assault or a cause of action. This was a correct statement of the law and the verdict of the jury for the defendants settles the facts.

He further charged the jury that the report of the disease from which plaintiff was suffering, to the Commissioner of the Department of Institutions and Agencies of New Jersey, was a privileged communication and that the contents of the report were not libelous and did not constitute a cause of action unless the information was "wilfully and maliciously and falsely given, or that it was made in reckless disregard as to whether or not the diagnosis there given was correct or false." There was no error in this charge, King v. Patterson, 49 N. J. Law, 417, 9 A. 705, 60 Am. Rep. 622, and the verdict of the jury also settles this fact.

As to the return of the $6,000 which the plaintiff alleges was fraudulently procured from him by the defendants, upon

false representation as to the treatment and teachings practiced at the institution and to be practiced upon him, the court charged the jury that it was its duty to consider all the facts and from them determine whether or not the representations made by the defendants were false and fraudulent; and that if it found from a fair preponderance of the evidence that they were, it was its duty to allow the plaintiff the sum of $6,000. There was no error in that charge and the jury found that the defendants had not made any false and fraudulent representations.

The plaintiff further alleges that the court erred in permitting the defendants to amend their answer and plead justification for the force used and restraints imposed.

The plaintiff said that the amendment did not take him by surprise. The Practice Act of New Jersey permits inconsistent defenses, Rule 24, P. L. 1912, p. 389, S. C. R., rule 38; and, besides, no exception was taken to the allowance. For these reasons the amendment does not furnish a ground for reversal of the judgment.

We have considered all the assignments of error and have carefully read plaintiff's briefs, but do not find that prejudicial error was committed; and so the judgment is affirmed.